UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 25 2025

FILED _____
DOCKETED _____
DATE _____ INITIAL _____

John Pickering
Appellant(s),

vs.

Amazon.com, Inc., et al.
Appellee(s).

9th Cir. Case No. 25-3951

District Court or
BAP Case No. 2:24-cv-00592-KKE

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

   a. What is the date of the judgment or order that you want this court to review? 5/23/2025

   b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: No

   • If you did, on what date did you file the motion? _____

   • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

   • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

   c. What date did you file your notice of appeal? 6/2/2025

   • For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

9th Cir. Case No. 25-3951           Page 2

**FACTS.** Include all facts that the court needs to know to decide your case.

2. What are the facts of your case? THE KEY FACTS AND LEGAL PRINCIPLES RELEVANT TO APPELLANT'S ANTITRUST CASE AGAINST AMAZON.COM, et.al, COVERING ELEMENTS OF [A] WELL-PLEADED COMPLAINT AND THE TYPES OF FACTS THIS COURT CONSIDERS:

A) * FRAP. 9 SPECIFICALLY ADDRESSES RELEASE IN CRIMINAL CASES. "FACTS" FOR AN ANTITRUST APPEAL CONSIDERING OTHER RELATED RULES AND PRINCIPLES, SUCH AS:
  * PLEADING STANDINGS,
  * EVIDENTIARY BASIS,
  * RECORD ON APPEAL,

B) * PLEADING AN ANTITRUST CLAIM: WELL-PLEADED COMPLAINT.
  * NOTICE PLEADING.
  * ANTITRUST CLAIM.

C) * KEY ELEMENTS OF AN ANTITRUST CLAIM (SHERMAN ACT)

D) * SPECIFIC FACTS THE COURT NEEDS TO DECIDE THE CASE.
  * EVIDENCE OF AGREEMENTS.
  * SPECIFIC POLICIES AND THEIR EFFECTS.
  * CONSUMER HARM.

E) * RELIEF SOUGHT
  * INJUNCTIVE RELIEF.
  * MONETARY DAMAGES.
  * TREBLE DAMAGES.

F) * PLEADING STANDARD ANTITRUST CASES
  * PLAUSABLE CLAIM FOR RELIEF.
  * DISMISSAL AND PROCEED TO DISCOVERY.

IN SUMMARY APPELLANT DID PRESENT [A] WELL-PLEADED COMPLAINT WITH SUFFICIENT FACTUAL ALLEGATIONS DEMONSTRATING EACH ELEMENT OF THE ANTITRUST CLAIM, PARTICULARLY ANTITRUST INJURY, THE RELEVANT MARKET, AND ANTICOMPETITIVE CONDUCT, ALL SUPPORTED BY [A] STRONG EVIDENTIARY BASIS WITHIN THE U.S. DISTRICT COURT RECORD.

9th Cir. Case No. 25-3951                                          Page 3

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief? APPELLANT ASKED THE DISTRICT FOR THE DUE PROCESS OF THE NATURE OF THE ANTITRUST VIOLATIONS, AND THE TYPE OF RELIEF SOUGHT OR, "ENTITLEMENT" OF ANTITRUST LAWS AND REGULATIONS SUIT, (a) ANTITRUST INJURY AND DAMAGES, (b) — INJUNCTIONS, (c) MONETARY DAMAGES, (d) CLASS ACTION STATUS

    IN SUMMARY, THE PLAINTIFF IN THIS CASE NO. — AN ANTITRUST LAWSUIT ASKED "THE DISTRICT COURT" FOR [A] FINDING THAT THE DEFENDANT, et al' VIOLATED ANTITRUST LAWS AND REGULATIONS, RESULTING IN DAMAGES TO THE PLAINTIFF, AND SEEKING COMPENSATION (POTENTIALLY TREBLE DAMAGES) AND POTENTIALLY AN INJUNCTION TO PREVENT FURTHER HARM. OTHER TYPE OF RELIEF ARE, "STRUCTURAL RELIEF".

4. What legal claim or claims did you raise in the district court or at the BAP?
    LEGAL CLAIM OR, CLAIMS WERE:
    (a) SECTION 1 OF THE SHERMAN ACT.
    (b) SECTION 2 OF THE SHERMAN ACT.
    * TYING ARRANGEMENTS
    * MONOPOLIZATION AND ATTEMPTED MONOPOLIZATION.
    * "PRICE FIXING" OR, BID RIGGING.
    * UNFAIR COMPETITION LAW (UCL) CLAIMS.

5. **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why. NOT APPLICABLE

9th Cir. Case No. _____                                Page 4

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong? A) ISSUES ASKING TO BE REVIEWED ARE (1) DE NOVO STANDARD, (2) CONCLUSION OF LAW, (3) CLEARLY ERRONEOUS STANDARD; B) THE DISTRICT COURT WRONGS WERE; (1) ANTITRUST CASES AND COMMON ERRORS BY THE DISTRICT COURT; (2) FAILED TO FOLLOW RULES IN ANTITRUST LAWS AND REGULATIONS, WHICH INVOLVE ANALYZING CLAIMS UNDER LAWS LIKE THE SHERMAN ACT AND CLAYTON ACT, 28 USC § 1337 AND, 18 USC § 3231., RELEVANT MARKET (ERRORS), PROTIEN SUFFICIENCY, QUALITY", (4) APPLYING ANTITRUST STANDARDS (ERRORS AND HARMLESS ERRORS), (5) UNFAIR COMPETITION LAW AND FAILED TO UPHOLD THE INJUNCTION AGAINST APPELLEES-DEFENDANTS, et al., (6) UNFAIR COMPETITION LAW AND FAILED TO UPHOLD THE INJUNCTION AGAINST APPELLEES-DEFENDANTS, et al.

7. Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: __YES__

   If not, why not?

9th Cir. Case No. 25-3951     Page 5

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

"SUBSTANTIVE ANTITRUST LAWS" LIKE THE SHERMAN ACT AND CLAYTON ACT, BREAKDOWN OF THE LAWS AND CONSIDERATIONS THAT SUPPORT THIS APPEAL IN ANTITRUST LAWSUITS, FEDERAL RULES OF APPELLATE PROCEDURE (FRAP) — FRAP RULE 9 AND, CIRCUIT'S LOCAL RULE 9-1 ALSO, FRAP RULE 33 AND, CIRCUIT LOCAL RULE 33-1 "APPEAL CONFERENCES AND SETTLEMENT PROGRAMS" WITHIN THIS 9TH CIRCUIT, [S]UBSTANTIVE ANTITRUST LAW — SHERMAN ACT (15 USC §§ 1-7), CLAYTON ACT (15 USC §§ 12-27) STANDARD FOR CLASS CERTIFICATION (ELEMENTS OF OFFENSES) PARTICULARLY CONCERNING THE INCLUSION OF UNINJURED CLASS MEMBERS, [S]UBSTANTIVE LAWS DEFINING ANTITRUST VIOLATIONS (ANTITRUST LAWS AND REGULATIONS), [A]N ANTITRUST LAWSUIT AGAINST THE DEFENDANT, et al. (AMAZON.COM) ARE ALSO FTC ACT (SECTION 5(a)) THIS PROHIBITS — "UNFAIR OR, DECEPTIVE ACTS OR PRACTICES IN COMMERCE." IN ESSENCE, THIS APPEAL RAISES [A] "SUBSTANTIAL CONSTITUTIONAL FEDERAL QUESTION" UNDER ANTITRUST LAWS (ANTITRUST LAWS AND REGULATIONS) REFERS TO [A] CLAIM IN THIS CASE LAWSUIT, ... "SUBSTANTIAL CONSTITUTIONAL QUESTIONS", ANTITRUST LAWS AND REGULATIONS WILL OFTEN ARISE IN SITUATIONS INVOLVING STAYS OF MANDATES PENDING PETITIONS FOR CERTIORARI TO THE SUPREME COURT, FRAP. 41 '[A] QUESTION OF CONSTITUTIONAL LAW " RAISED BY THIS ANTITRUST CASE — SUBSTANTIAL QUESTION OF LAW", 9TH CIRCUIT, CASES AND STATUTES ARE ALSO IN APPELLANTS-PLAINTIFFS' "WELL PLEAD COMPLAINT RECORD ON APPEAL IF NOT TRANSCRIPTS ARE AVAILABLE".

9th Cir. Case No. 25-3951                                          Page 6

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

   "NONE"

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

    "NONE"

John Pickering
Name

98-01 67TH Avenue, Brussels - Apt. 3-0
Rego Park
Queens, NY - 11374
Address

*[Signature: John Pickering]*
Signature

7/11/2025
Date

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

John Pickering
Appellant(s),

vs.

Amazon.com, Inc., et.al.,
Appellee(s).

9th Cir. Case No. 25-3951

District Court or
BAP Case No. 2:24-CV-00592-KKE

## APPELLANT'S INFORMAL REPLY BRIEF
(attach additional sheets as necessary, up to a total of 25 pages including this form)

**For the optional reply brief in response to appellee's answering brief(s) only.**

List each issue or argument raised in the answering brief to which you are replying. Do not repeat arguments from your opening brief or raise new arguments except in response to arguments made in the answering brief(s).

### Issue/Argument Number 1

What is the first argument in the answering brief to which you are replying?

APPELLEE'S INTERPRETATIONS OF: ANTITRUST LAWS AND REGULATIONS: THIS INVOLVE CHALLENGING THE APPELLEE'S APPLICATION OF STATUTES LIKE THE SHERMAN ACT OR CLAYTON ACT, OR SPECIFIC ANTITRUST REGULATIONS, TO THE FACTS OF THIS CASE.

What is your reply to that argument?

APPELLANT'S ANTITRUST CLAIMS ARE NOT "CONCLUSORY" AND DO NOT LACK EVIDENCE. REFERRING BACK TO THE ORIGINAL COMPLAINT AND OPENING BRIEF WHERE THE ARGUMENTS WERE MADE.

9th Cir. Case No. _25-3951_  Page 2

**Issue/Argument Number 2**
What is the second argument in the answering brief to which you are replying?
ECCONOMIC ANALYSIS;
APPELLANT COUNTER THE APPELLEE'S ECONOMIC ARGUMENTS AND PRESENT APPELLANTS' OWN COUNTER-ARGUMENTS REGARDING MARKET DEFINITION, COMPETITIVE EFFECTS, AND DAMAGES.

What is your reply to that argument?
HIGHLIGHT SPECIFIC PIECES OF EVIDENCE FROM THE RECORD, PERTAINING TO THIS CASE OF (A) WELL-PLEAD COMPLAINT.

**Issue/Argument Number 3**
What is the third argument in the answering brief to which you are replying?
LEGAL PRECEDENTS:
ALSO ADDRESS HOW LEGAL PRECEDENTS, PARTICULARLY THOSE FROM THE NINTH CIRCUIT APPLY TO THE SPECIFIC ANTITRUST ISSUES IN THIS CASE

What is your reply to that argument?
APPELLEE'S BRIEF FAILS TO ADDRESS THE APPELLANT'S ARGUMENTS, ARGUMENTS EFFECTIVELY

_JOHN PICKERING_
Name

_88-01 67TH AVENUE_
_BRUSSELS APT. 3-0, REGO PARK_
_QUEENS, NY 11374_
Address

Signature: _John Pickering_

Date: _7/11/2025_