No. 25-3951

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JOHN PICKERING,

*Plaintiff-Appellant,*

*v.*

AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and
FOODSERVICEDIRECT.COM,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Western District of Washington
No. 2:24-cv-00592-KKE
The Honorable Kymberly K. Evanson

DEFENDANTS-APPELLEES AMAZON.COM, INC.'S AND
AMAZON.COM SERVICES LLC'S RESPONSE TO
PLAINTIFF-APPELLANT'S SUPPLEMENTAL BRIEF AND
STATEMENT OF NON-FRIVOLOUSNESS

Robert W. Sparkes, III
K&L GATES LLP
One Congress Street, Suite 2900
Boston, MA 02114
Tel: (617) 261-3100
Fax: (617) 261-3175
robert.sparkes@klgates.com

*Attorney for Defendants-Appellees
Amazon.com, Inc. and Amazon.com
Services LLC*

## I.    INTRODUCTION

Defendants-Appellees Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") respectfully submit this response to the supplemental brief and statement of non-frivolousness (the "Statement") filed by Plaintiff-Appellant John Pickering ("Plaintiff").  (Docket Entry ("DE") No. 23).  As detailed below, Plaintiff's Statement fails to set forth a non-frivolous basis for this appeal and the Court should therefore dismiss the appeal.

## II.    BACKGROUND

## A.    The District Court's Dismissal of Plaintiff's Complaint

This appeal arises from the District Court's dismissal of Plaintiff's antitrust claims against Amazon and Defendant FoodServiceDirect.com.[1]  The District Court granted Amazon's Motion to Dismiss, finding that Plaintiff failed to state valid claims for relief under the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, the Donnelly Act, N.Y. Gen. Bus. Law § 340, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691.  (Exhibit A, at 3-8).  The District Court dismissed the claims against FoodServiceDirect.com because Plaintiff failed to effectuate service pursuant to Federal Rule of Civil Procedure 4(m).  (Exhibit B, at 1-2).

---

[1] *See* District Court Order Granting Defendants' Motion to Dismiss, dated Apr. 21, 2025 (Exhibit A); District Court Order Dismissing Case, dated May 23, 2025 (Exhibit B); District Court Judgment, dated May 23, 2025 (Exhibit C).

Plaintiff's claims turned on allegations that Amazon denied him a refund for vegan food products he allegedly purchased online. (Exhibit A, at 1-3). The District Court held that these allegations, even if true, did not support plausible claims for relief. (*Id.* at 4-7). As to the antitrust claims, the Court found that the "complaint fail[ed] to state a viable claim" and "[Plaintiff] lack[ed] standing to bring such ... claim[s]." (*Id.* at 5-6 (Plaintiff failed to allege an "antitrust injury")). As to the ECOA claim, the District Court found that Amazon was "not a 'creditor' for purposes of ECOA[,]" a necessary prerequisite for any such claim. (*Id.* at 7). On these bases, the District Court dismissed Plaintiff's claims against Amazon with prejudice. (*Id.*).

**B.**   <u>**Relevant Appellate Proceedings**</u>

On June 25, 2025, this Court issued a Time Schedule Order setting an August 4, 2025, deadline for Plaintiff to file his opening brief. (DE No. 2, at 3). On July 25, 2025, Plaintiff submitted an opening brief (DE No. 7), a motion for permission to proceed in forma pauperis ("IFP Motion") (DE No. 10), two requests for extensions of the briefing schedule (DE Nos. 9, 11), and a motion and two responses seeking unspecified relief (DE Nos. 13, 14, 15). Amazon opposed Plaintiff's motions on the ground that this appeal is frivolous. (DE No. 19, at 3-6).

This Court, after finding that "[i]t appears that this appeal may be frivolous," ordered Plaintiff to file "a statement explaining why the appeal is not frivolous" or

"a motion to voluntarily dismiss the appeal." (DE No. 22, at 1). The Court explained that if Plaintiff files any "response other than a motion to dismiss," it will "determine whether the appeal is frivolous" and, if found frivolous, the appeal "will be dismissed." (*Id.*). The Court stayed all briefing pending this review. (*Id.*).

Rather than file an explanatory statement or a motion to dismiss, Plaintiff filed a supplemental brief. (DE No. 23). The supplemental brief is identical to Plaintiff's opening brief, except for the addition of four handwritten pages. (*Compare* DE No. 7, *with* DE No. 23). Consistent with the Court's July 31 Order, Amazon treats Plaintiff's supplemental brief as a "statement explaining why the appeal is not frivolous" (DE No. 22, at 1), and responds accordingly.[2]

### III.   ARGUMENT

Plaintiff's Statement does not offer any explanation or argument to demonstrate that this appeal is not frivolous. In fact, the Statement does just the opposite—it confirms that Plaintiff's appeal is frivolous and should be dismissed.

First, the Statement does not identify a cogent—let alone non-frivolous— issue for appeal. In response to the question "What issues are you asking the Court to review in this case?[,]" Plaintiff offers the following:

> A) Issues asking to be reviewed are (1) de novo standard, (2) conclusion of law, (3) clearly erroneous standard, B) the District Court wrongs were: (1) antitrust cases and common errors by the District Court,

---

[2] Plaintiff also re-filed his IFP Motion as a "supplement." (DE No. 25). Amazon's opposition to the IFP Motion is set forth in its earlier filed Opposition. (DE No. 19).

> (2) failed to follow rules in antitrust laws and regulations, which involve analyzing claims under laws like the Sherman Act and Clayton Act, 28 U.S.C. § 1337 and 18 U.S.C. § 3231, relevant market (errors); protein sufficiency, quality, (4) applying antitrust standards (errors and harmless errors), (5) unfair competition law and failed to uphold the injunction against Appellees-Defendants, et al., (6) unfair competition law and failed to uphold the injunction against Appellees-Defendants, et al.

(DE No. 23, at 4). This mix of legal terms, citations, and conclusions falls well short of demonstrating a non-frivolous appellate issue.

Second, Plaintiff's Statement does not identify a non-frivolous legal basis for the appeal. In response to the question "What law supports these issues on appeal?[,]" Plaintiff merely recites the names and titles of certain of the Federal Rules of Appellate Procedure, offers the statutory names and citations of certain federal laws, and makes inapplicable references to "class certification" standards, "stays of mandates," and "petitions for certiorari to the Supreme Court." (*Id.* at 5). Plaintiff then jumps to the unsupported conclusion that "this appeal raises a substantial constitutional federal question under antitrust laws," "a question of constitutional law[,]" and a "substantial question of law." (*Id.* (cleaned up)). But, importantly, Plaintiff does not explain or suggest the substance of that "question," and he does not provide any indication as to why he believes the District Court's dismissal orders were wrong or why this Court should reverse them.

Finally, Plaintiff's handwritten supplement fares no better. It begins with a list of citations to cases, federal statutes, the Federal Rules of Appellate Procedure,

and this Court's Circuit Rules, but provides no explanation or context for these references. (*Id.* at 6). It then proffers an indecipherable mix of legal terms as the "Issues Presented for Review" as follow:

> Clearly erroneous, de novo antitrust laws and regulations. Sherman Act and Clayton Act, as well as state antitrust and consumer protection laws. The FTC[,] EBT SNAP Program and price fixing, unfair or deceptive acts or practices (UDAP), substantial questions of law and constitutional questions intervention, by federal and state authorities.

(*Id.* at 7). Lastly, it purports to make an "argument" that consists primarily of conclusory statements about, among other things, the "erroneous application of antitrust laws and regulations" and the existence of unidentified "substantial constitutional questions." (*Id.* at 8). Plaintiff otherwise rests on untethered and unexplained references to "UDAP violations," "intervention by regulatory bodies," "antitrust injury," and restrictions on competition. (*Id.*).

Plaintiff's Statement reflects his belief that the District Court erred in dismissing his Complaint. But it provides no cogent, non-frivolous explanation as to how the District Court got it wrong and why this Court should reverse the District Court's dismissal orders. As such, Plaintiff's appeal plainly lacks merit and is thus frivolous. *See In re Westwood Plaza N.*, 889 F.3d 975, 977 (9th Cir. 2018) ("An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit." (internal quotation marks omitted)).

## IV.   CONCLUSION

For the foregoing reasons, Amazon respectfully request that the Court dismiss Plaintiff's appeal as frivolous.


Dated: August 14, 2025                    Respectfully submitted,


                                          AMAZON.COM, INC. and
                                          AMAZON.COM SERVICES LLC,

                                          By their attorney,


                                          */s/ Robert W. Sparkes, III*
                                          Robert W. Sparkes, III
                                          K&L GATES LLP
                                          One Congress Street, Suite 2900
                                          Boston, MA 02114
                                          Tel: (617) 261-3100
                                          Fax: (617) 261-3175
                                          robert.sparkes@klgates.com

                                          *Attorney for Defendants-Appellees*
                                          *Amazon.com, Inc. and Amazon.com*
                                          *Services LLC*

## CERTIFICATE OF COMPLIANCE

1.      This response complies with the type-volume limitation of Federal Rule of Appellate procedure 27(d)(2)(A), because it contains 1,148 words, calculated in reliance on Microsoft Word, excluding the parts of the response exempted by Federal Rule of Appellate Procedure 32(f).

2.      This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), made applicable by Federal Rule of Appellate Procedure 27(d)(1)(E), because this document has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 Times New Roman font.

Dated: August 14, 2025

*/s/ Robert W. Sparkes, III*
Robert W. Sparkes, III

*Attorney for Defendants-Appellees' Amazon.com, Inc. and Amazon.com Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2025, I electronically filed the foregoing Response to Plaintiff-Appellant's Supplemental Brief and Statement of Non-Frivolousness with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

I further certify that on August 14, 2025, I served the foregoing Response by Federal Express and E-mail to the following unregistered case participant:

*Pro Se* Plaintiff-Appellant
John Pickering
98-01 67th Avenue
Brussels-APT 3-0
Rego Park
Queens, NY 11374

Dated: August 14, 2025          */s/ Robert W. Sparkes, III*
_____
Robert W. Sparkes, III

*Attorney for Defendants-Appellees' Amazon.com, Inc. and Amazon.com Services LLC*

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN PICKERING,

                    Plaintiff(s),

     v.

AMAZON.COM INC., et al.,

                Defendant(s).

CASE NO. C24-0592-KKE

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

       Plaintiff John Pickering, representing himself, filed this antitrust action against Defendants Amazon.com, Inc., and Amazon.com Services LLC (collectively "Amazon"), as well as Defendant FoodServiceDirect.com, Inc.[1] Dkt. No. 6.[2] Pickering's complaint alleges that Defendants denied him a refund for vegan food products he purchased online. *Id.* Amazon contends that Pickering's complaint fails to state any viable claim against it and therefore requests dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 19. In his opposition to Amazon's motion to dismiss, Pickering cross-moves for judgment on the pleadings, contending that his allegations demonstrate that he is entitled to a refund and that no discovery is needed in order to decide this case. Dkt. No. 20.

---

[1] It does not appear that Pickering has properly served the complaint on FoodServiceDirect.com. *See* Dkt. No. 6; Dkt. No. 19 at 2 n.2. This Defendant has not appeared in this action and does not join in Amazon's motion to dismiss.

[2] This order refers to the parties' filings by CM/ECF page number.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

For the following reasons, the Court finds that Pickering's complaint fails to state a valid claim against Amazon, and that this deficiency cannot be cured via amendment. Accordingly, the Court will grant Amazon's motion to dismiss with prejudice, which moots Pickering's cross-motion.

## I.    BACKGROUND

Pickering purchased five cases of vegan patties, with each case containing 12 patties, using his Supplemental Nutrition Assistance Program ("SNAP") benefits. Dkt. No. 6-1 at 12. Pickering alleges that he ordered the patties on May 11, 2023, from FoodServiceDirect.com via Amazon's online store for $540.00 plus tax. *Id*. at 10–12.

Pickering received his order, which contained documents in the boxes indicating that "temperature sensitive" food items such as the patties could be returned only if they arrived damaged or if they "have an expiration date of less than two weeks." Dkt. No. 6-2 at 1–5. Pickering disclaims any damage to his patties and alleges that they were not set to expire until October 2023. Dkt. No. 6-1 at 13. Nonetheless, Pickering contacted Amazon's customer service beginning in June 2023 and continuing through December 2023, attempting to arrange for a return and refund of four of the five cases of patties he received. *Id*. at 11–14. Despite those efforts, after Pickering mailed the four cases to FoodServiceDirect.com, he has not received a refund. *Id*. at 14, Dkt. No. 6-2 at 17.

Pickering filed this action in April 2024, alleging that Amazon and FoodServiceDirect.com violated Sections 1 and 2 of the Sherman Antitrust Act, New York's Donnelly Act, and the Equal Credit Opportunity Act ("ECOA").[3] Dkt. No. 6. For the reasons explained herein, the Court

---

[3] The complaint contains a list of legal provisions and authorities that spans multiple pages. *See* Dkt. No. 6-1 at 2–7. Nonetheless, it appears that Pickering's claims against Amazon are more limited, as described here. *See id*. at 15–16. To the extent that Pickering references the E-SIGN Act, 15 U.S.C. § 7001, in his briefing (Dkt. No. 20 at 2), this act was not mentioned in the complaint and does not provide a private right of action, as noted by Amazon. *See* Dkt. No.

agrees with Amazon that Pickering has failed to state a viable claim against it and that amendment could not cure the complaint's deficiencies. The Court will therefore grant Amazon's motion to dismiss.

## II.    ANALYSIS

### A.    Legal Standards

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts." *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014).

### B.    Pickering's Claims Against Amazon for Violation of the Sherman Antitrust Act Are Dismissed with Prejudice.

Section 1 of the Sherman Antitrust Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States[.]" 15 U.S.C. § 1. To state a claim for violation of Section 1, a plaintiff must plead: "(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) which is intended to restrain or harm trade; (3) which actually injures competition; and (4) harm to the

---

21 at 4 n.1 (citing *Yoshimura v. Takahashi*, 446 F. Supp. 3d 644, 652 (D. Haw. 2020)). Thus, whether Pickering intends to amend the complaint to add a claim for violation of the E-SIGN Act, or believes that such a claim was included in the complaint, such a claim would fail as a matter of law.

plaintiff from the anticompetitive conduct." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1129 (9th Cir. 2015) (cleaned up).

Similarly, Section 2 of the Sherman Act prohibits individual or concerted action to monopolize or attempt to monopolize trade. 15 U.S.C. § 2. "A Section 2 claim includes two elements: (1) the defendant has monopoly power in the relevant market, and (2) the defendant has willfully acquired or maintained monopoly power in that market." *Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1137 (9th Cir. 2022). "To meet the first element of a Section 2 claim, a plaintiff generally must (1) define the relevant market, (2) establish that the defendant possesses market share in that market sufficient to constitute monopoly power, and (3) show that there are significant barriers to entering that market." *Id.* (footnote omitted). The second element of a Section 2 claim "requires a showing that a defendant possessing monopoly power undertook anticompetitive conduct, and that the defendant did so with an intent to control prices or exclude competition in the relevant market." *Id.* (cleaned up).

Amazon argues that Pickering's Section 1 claim fails because he has not alleged facts that would support any of these elements. Dkt. No. 19 at 4–5. According to Amazon, Pickering has failed to allege the existence of an agreement between Amazon and any other party, let alone an agreement that was intended to restrain trade or that actually injured competition and harmed Pickering. *Id.* Amazon also argues that Pickering's Section 2 claim fails because Pickering has failed to allege any anticompetitive conduct on the part of Amazon: the complaint does not explain how conduct complained of (not processing a refund) relates to acquiring or maintaining monopoly power. *Id.* at 6.

Pickering's opposition/cross-motion fails to reference any such agreement or any of the other elements of a Section 1 claim. Dkt. No. 20. Nor does it explain how "forcing unwanted food items" on him constitutes anticompetitive conduct, for purpose of a Section 2 claim. *Id.* at 2.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

1    Although Pickering's opposition/cross-motion states that Defendants' alleged "actions clearly

2    violate antitrust laws and no further discovery is needed to decide the case" (*id*. at 2), such

3    threadbare arguments are insufficient, even if the *pro se* complaint is "liberally construed" and

4    held "to less stringent standards than formal pleadings drafted by lawyers."  *Florer v.*

5    *Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (cleaned up).

6        More fundamentally, the conduct that Pickering complains about—a failure to process a

7    refund for one consumer—cannot plausibly constitute harm to competition as a whole in the

8    relevant market, which is the type of harm that antitrust laws are intended to prohibit.  *See, e.g.*,

9    *Digital Sun v. The Toro Co.*, No. 10-CV-4567-LHK, 2011 WL 1044502, at *4 (N.D. Cal. Mar. 22,

10   2011) (explaining that in order to show an "anticompetitive injury" necessary to confer antitrust

11   standing, a plaintiff "must show how defendant's anticompetitive conduct harms both competition

12   and plaintiff").  Without an antitrust injury, Pickering cannot show that he has standing to bring

13   an antitrust claim.  *See Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1007–08 (9th

14   Cir. 2003), *amended on denial of reh'g*, 352 F.3d 367 (9th Cir. 2003).  Accordingly, Amazon's

15   motion to dismiss should be granted not only because Pickering's complaint fails to state a viable

16   claim for a violation of the Sherman Act, but also because Pickering lacks standing to bring such

17   a claim.  *See, e.g.*, *Biers v. Wash. State Liquor & Cannabis Bd.*, No. C15-1518JLR, 2016 WL

18   3079025, at *11 n.12 (W.D. Wash. June 1, 2016 ("Even if [plaintiff's] allegations were sufficient

19   to show antitrust violations, [plaintiff's] antitrust claims would fail because he has not plausibly

20   pleaded that he has antitrust standing.").

21       Accordingly, the Court will dismiss Pickering's Sherman Act claims with prejudice,

22   because any amendment of the claim would be futile.  Pickering has not requested leave to amend,

23   and indeed contends that no discovery is needed to decide this case.  Dkt. No. 20 at 2.  Because

the dispute described in Pickering's complaint cannot give rise to an antitrust claim, the Court will

dismiss Pickering's Sherman Act claims with prejudice.

**C.       Pickering's Donnelly Act Claim Against Amazon Is Dismissed with Prejudice.**

Pickering also brings a claim against Amazon under the Donnelly Act, New York General

Business Law § 340, which requires that he "plead elements similar to those required for a federal

antitrust claim." *Altman v. Bayer Corp.*, 125 F. Supp. 2d 666, 672 (S.D.N.Y. 2000).

> [I]n order to state a claim under the Donnelly Act, plaintiff must 1) identify the
> relevant product market; 2) describe the nature and effects of the purported
> conspiracy; 3) allege how the economic impact of that conspiracy is to restrain trade
> in the market in question; and 4) show a conspiracy or reciprocal relationship
> between two or more entities.

*Id*. "Furthermore, courts consistently have adhered to the principle that to have standing to sue,

antitrust injury must be demonstrated, regardless of the type of antitrust violation asserted." *Id*.

As explained with respect to Pickering's Sherman Act claims, the complaint fails to allege

facts that would support any of the elements of a Donnelly Act claim and the dispute described in

the complaint does not constitute an antitrust injury. Pickering has not and cannot plausibly allege

that Amazon's refusal to process his refund harms competition generally. Accordingly, the Court

will dismiss Pickering's Donnelly Act claim with prejudice, because any amendment would be

futile.

**D.       Pickering's ECOA Claim Against Amazon is Dismissed with Prejudice.**

Pickering's complaint alleges that Defendants' conduct violates ECOA (15 U.S.C. § 1691)

by refusing to refund the SNAP benefits he used to purchase the patties, whereas his Amazon

orders purchased with a credit/debit card have been properly handled. Dkt. No. 6-1 at 14–15.

ECOA prohibits "any creditor" from discriminating "against any applicant, with respect to any

aspect of a credit transaction … because all or part of the applicant's income derives from any

public assistance program[.]" 15 U.S.C. §1691(a)(2). For purposes of ECOA, a "creditor" is "any

person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e). ECOA defines "credit" to mean "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).

The Court agrees with Amazon (Dkt. No. 19 at 9) that Amazon is not a "creditor" for purposes of ECOA: Pickering has not alleged that he applied for "credit" from Amazon or that his interaction with Amazon has anything to do with the extension, renewal, or continuation of "credit," as defined in ECOA. Pickering does not respond to these arguments regarding ECOA specifically in his opposition/cross-motion or reply. *See* Dkt. Nos. 20, 22. Because the conduct that Pickering complains of in his complaint bears no connection to an ECOA claim, the Court will dismiss the claim and finds that allowing amendment of this claim would be futile. Accordingly, the Court dismisses Pickering's ECOA claim against Amazon with prejudice.

### III.    CONCLUSION

For these reasons, the Court GRANTS Defendants' motion to dismiss. Dkt. No. 19. Pickering's claims against Defendants Amazon.com, Inc., and Amazon.com Services LLC are DISMISSED with prejudice, without leave to amend. Pickering's cross-motion for judgment on the pleadings (Dkt. No. 20) is DENIED AS MOOT.

Pickering is ORDERED TO SHOW CAUSE no later than May 9, 2025, why his claims against Defendant FoodServiceDirect.com should not be dismissed for failure to serve. *See* Dkt. Nos. 10, 12 (previous orders to show cause for failure to serve). The document Pickering filed (Dkt. No. 13) is inadequate to establish that FoodServiceDirect.com was served in accordance with Federal Rule of Civil Procedure 4. It appears that documents were mailed to corporate

headquarters, but not that they were delivered to a person authorized to receive service of process. *See id*. Pickering requested that Amazon waive service, which it did, but there is no evidence that Pickering requested that FoodServiceDirect.com waive service. *See* Dkt. No. 14. Pickering may provide further explanation of his service efforts to date, request more time to attempt service again or request a waiver of service, or make any other showing in response to the Court's order to show cause.

Dated this 21st day of April, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

# EXHIBIT B

1

2

3

4                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
5                              AT SEATTLE

6    JOHN PICKERING,                              CASE NO. C24-0592-KKE

7                         Plaintiff(s),           ORDER DISMISSING CASE

8              v.

     AMAZON.COM INC., et al.,
9
                          Defendant(s).
10

11          The Court previously ordered Plaintiff to show cause why the claims remaining in this

12   lawsuit, against Defendant FoodServiceDirect.com[1], should not be dismissed for failure to serve.

13   Dkt. No. 23.  The Court has already dismissed Plaintiff's claims against other Defendants.  *See id*.

14          Plaintiff, representing himself, filed a timely response to the order to show cause.  *See* Dkt.

15   No. 24.  Plaintiff's response in part objects to the Court's order granting a motion to dismiss filed

16   by Defendants Amazon.com, Inc., and Amazon.com Services LLC.  *Id*. at 1–5.  To the extent that

17   Plaintiff's response could be construed as a motion for reconsideration, the Court denies a request

18   to reconsider because Plaintiff has not shown error in the Court's earlier order or identified new

19   facts or legal authority that could not have been raised earlier.  *See* Local Rules W.D. Wash. LCR

20   7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions

21   in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal

22   authority which could not have been brought to its attention earlier with reasonable diligence.").

23
     _____
24   [1] FoodServiceDirect.com Headquarters is also listed as a Defendant on the docket, although the complaint does not
     list any claims separately against Headquarters.  *See* Dkt. No. 8–17.

ORDER DISMISSING CASE - 1

Plaintiff's response also fails to show that he has effectuated service on the remaining Defendant(s) FoodServiceDirect.com/Food ServiceDirect.com Headquarters. Plaintiff attached photographs to his response indicating that his mailing to FoodServiceDirect.com Headquarters was returned unopened. *See* Dkt. No. 24 at 12–13. Although Plaintiff suggests that Defendant should have forwarded his mailing somewhere in the chain of command (*id*. at 6), it appears that his mailing was returned by the U.S. Postal Service and did not reach anyone connected with FoodServiceDirect.com who could have forwarded it to someone who could accept service of process. *Id*. at 12–13.

Federal Rule of Civil Procedure Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, federal district courts must *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. It is essentially undisputed that proper service has not been effectuated on FoodServiceDirect.com/FoodServiceDirect.com Headquarters, despite multiple warnings from the Court that if service was not accomplished Plaintiff's claims may be dismissed. *See* Dkt. Nos. 10, 12, 23.

Accordingly, the Court DISMISSES Plaintiff's remaining claims against FoodServiceDirect.com/FoodServiceDirect.com Headquarters without prejudice, due to Plaintiff's failure to prosecute, in accordance with Federal Rule of Civil Procedure 4(m). The clerk shall administratively close this case.

Dated this 23rd day of May, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING CASE - 2

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JOHN PICKERING, | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff(s), | CASE NUMBER C24-0592-KKE |
| v. | |
| AMAZON.COM INC., et al., | |
| Defendant(s). | |

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

The Court granted a motion to dismiss filed by Defendants Amazon.com, Inc., and Amazon.com Services LLC and dismissed Plaintiff's claims against these Defendants with prejudice.

The Court dismissed Plaintiff's remaining claims against Defendants FoodServiceDirect.com/FoodServiceDirect.com Headquarters without prejudice for failure to serve, under Federal Rule of Civil Procedure 4(m).

Dated May 23, 2025.

Ravi Subramanian
Clerk of Court

/s/ Alejandro Pasaye Hernandez
Deputy Clerk